# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAZAR GONZALEZ CHAVEZ,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>MOISES BECERRA, et al.,<br><br>　　　　　　Respondents. | Case No. 1:24-cv-01032-EPG-HC<br><br>ORDER GRANTING PETITIONER'S MOTION TO AMEND, GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION TO DISMISS, SUBSTITUTING MINGA WOFFORD AS RESPONDENT, AND TERMINATING OTHER NAMED RESPONDENTS<br><br>(ECF Nos. 42, 51) |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States magistrate judge. (ECF Nos. 43, 47, 48.) For the reasons set forth herein, Petitioner's motion to amend is granted and Respondent's motion to dismiss is granted in part and denied in part.

## I.

## BACKGROUND

On June 26, 2023, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Northern District of California, challenging his prolonged immigration detention. (ECF No. 1.) On July 21, 2023, Respondent filed an answer. (ECF No. 13.) On August 3, 2023, Petitioner filed a traverse. (ECF No. 14.) On August 28, 2024, the United States District

Court for the Northern District of California issued an order transferring the petition to this Court in light of the Ninth Circuit's recent decision in <u>Doe v. Garland</u>, 109 F.4th 1188 (9th Cir. 2024). (ECF No. 35.)

On September 16, 2024, this Court granted Petitioner leave to file a motion to amend the petition to name a proper respondent. (ECF No. 41.) On September 26, 2024, Petitioner filed a motion to amend the petition to name the correct respondent. (ECF No. 42.)

On August 30, 2024, the Clerk of Court issued a notice directing Attorney Molly Anne Landon Friend, counsel for Respondent, to submit a petition to practice in the Eastern District of California. (ECF No. 37.) As the Court had not been able to locate any record that Attorney Friend was admitted to the Bar of this Court, on October 1, 2024, the Court ordered Attorney Friend to submit a petition to practice in the Eastern District of California or file a notice of substitution of counsel within seven days. (ECF No. 44.) The Court further directed Respondent to file a response to Petitioner's motion to amend within fourteen days. (<u>Id.</u>) On October 21, 2024, the Court ordered Attorney Friend to show cause why sanctions should not be imposed in light of the failure to comply with the Court's October 1, 2024 order. (ECF No. 45.)

On October 26, 2024, Respondent filed a designation of counsel, requesting that Assistant U.S. Attorney Michelle Rodriguez be added as lead counsel of record for Respondent. (ECF No. 46.) On October 28, 2024, Respondent filed a response to the order to show cause, explaining that due to the Ninth Circuit's recent <u>Doe</u> decision, the Office of the U.S. Attorney for the Eastern District of California has been transitioning the transferred Northern District of California § 2241 matters from the Immigration Unit to the § 2241 Unit. Due to that transition, "the current combined volume of cases, restricted access to the immigration cases, and scheduled leave, the Court's October 1, 2024 Order was inadvertently overlooked." (ECF No. 49 at 2.[1]) In the response, Respondent also noted that "Respondent does not oppose Petitioner's motion to amend his Petition to lawfully name a respondent. However, Respondent moves to strike and dismiss all unlawfully named officials under § 2241." (ECF No. 49 at 2.) On October 29, 2024, the Court discharged the order to show cause. (ECF No. 50.)

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

1      On November 12, 2024, Respondent filed a motion to dismiss. (ECF No. 51.) On

2 November 18, 2024, Petitioner filed an opposition. (ECF No. 52.)

3 **II.**

4 **DISCUSSION**

5      "[L]ongstanding practice confirms that in habeas challenges to present physical

6 confinement—'core challenges'—the default rule is that the proper respondent is the warden of

7 the facility where the prisoner is being held . . . ." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).

8 In Doe, the Ninth Circuit "affirm[ed] the application of the immediate custodian and district of

9 confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those

10 filed by immigrant detainees." Doe, 109 F.4th at 1199. A petitioner's failure to name a proper

11 respondent requires dismissal of his habeas petition for lack of personal jurisdiction. Stanley v.

12 California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, a court should grant a

13 petitioner "leave to amend his petition to correct this technical deficiency." Dubrin v. California,

14 720 F.3d 1095, 1100 (9th Cir. 2013).

15      As Petitioner had not named his immediate custodian as Respondent, this Court granted

16 Petitioner leave to amend the petition to name the proper respondent. (ECF No. 41.) The order

17 specifically noted that "[i]n the interests of judicial economy, Petitioner need not file an amended

18 petition. Instead, Petitioner may file a motion entitled 'Motion to Amend the Petition to Name a

19 Proper Respondent' wherein Petitioner may name the proper respondent in this action." (Id. at

20 2.) On September 26, 2024, Petitioner filed a motion to amend the petition to name the correct

21 respondent. (ECF No. 42.) On October 28, 2024, in the response to the Court's order to show

22 cause, Respondent also noted that "Respondent does not oppose Petitioner's motion to amend his

23 Petition to lawfully name a respondent. However, Respondent moves to strike and dismiss all

24 unlawfully named officials under § 2241." (ECF No. 49 at 2.)

25      Subsequently, on November 18, 2024, Respondent filed a motion to dismiss, arguing that

26 Petitioner's motion to amend is in violation of Federal Rule of Civil Procedure 15 and Local

27 Rule 220. (ECF No. 51.) Respondent requests that the motion to amend be stricken without

28 prejudice to filing a lawful first amended petition that is complete in itself without reference to

3

the prior pleading and moves to dismiss and strike all other named respondents. (ECF No. 51 at 1.)

Rule 220 of the Local Rules of Practice for the United States District Court, Eastern District of California provides in pertinent part:

> *Unless prior approval to the contrary is obtained from the Court*, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading.

L.R. 220 (emphasis added). Here, this Court authorized Petitioner to file a motion to amend the petition to name a proper respondent rather than filing a first amended petition. (ECF No. 41.) Accordingly, Petitioner's motion to amend is not in violation of the Local Rules.

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). See Mayle v. Felix, 545 U.S. 644, 655 (2005) (noting Federal Rule of Civil Procedure 15 is applicable to habeas proceedings). Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court may decline to grant leave to amend "if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty., 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Respondent claims that they "cannot respond to the piecemeal pleadings." (ECF No. 51 at 1 n.1.) However, the only proposed amendment in Petitioner's motion to amend is to name the correct respondent. The correction of "this technical deficiency," Dubrin, 720 F.3d at 1100, has no impact on the substance of the petition, and there are no piecemeal pleadings. Further, an answer has already been filed in this matter. (ECF No. 13.) As there is no evidence of undue delay, bad faith, futility of amendment, or undue prejudice to Respondent by allowance of the amendment, the Court will grant Petitioner's motion to amend to name Minga Wofford as Respondent. To the extent the motion to dismiss asserts that Petitioner's motion to amend is improper and should be stricken without prejudice to filing a lawful first amended petition, the

Court will deny Respondent's motion. However, the Court will grant Respondent's request to dismiss and terminate all other named Respondents.

### III.
### ORDER

Accordingly, the Court HEREBY ORDERS that:

1. Petitioner's motion to amend (ECF No. 42) is GRANTED;
2. Respondent's motion to dismiss (ECF No. 51) is GRANTED in part and DENIED in part;
3. Minga Wofford, Facility Administrator of the Golden State Annex, is SUBSTITUTED as Respondent in the instant matter; and
4. All other named Respondents are TERMINATED.

IT IS SO ORDERED.

Dated: **February 3, 2025**           /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE