# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAZAR G.C.,[1] | Case No. 1:24-cv-01032-EPG-HC |
| Petitioner, | ORDER DENYING PETITIONER'S EMERGENCY MOTION TO STAY |
| v. | (ECF No. 60) |
| MINGA WOFFORD, | |
| Respondent. | |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States magistrate judge. (ECF Nos. 43, 47, 48.) For the reasons set forth herein, Petitioner's emergency motion to stay is denied.

**I.**

**BACKGROUND**

Petitioner is a native and citizen of El Salvador. (ECF No. 1 at 8.[2]) In 1994, Petitioner migrated to the United States. (Id. at 9.) Petitioner has been convicted of various offenses and

---

[1] The Court partially redacts Petitioner's name to mitigate privacy concerns, as suggested by the Committee on Court Administration and Case Management of the Judicial Conference of the United States. See Memorandum Re: Privacy Concern Regarding Social Security & Immigration Opinions (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] Page numbers refer to ECF page numbers stamped at the top of the page.

1

1  most recently was sentenced in June 2017 to an imprisonment term of seven years for forcible
2  rape of a child over fourteen. (ECF No. 1 at 9.) Upon Petitioner's release from prison on
3  December 22, 2021, Petitioner was issued a final administrative removal order, and the
4  Department of Homeland Security ("DHS") detained Petitioner. (ECF No. 1 at 13; ECF No. 1-1
5  at 95; ECF No. 13 at 10.) On January 5, 2022, an asylum officer conducted a reasonable fear
6  interview, finding Petitioner was credible but had not established reasonable fear of torture or
7  persecution. (ECF No. 1 at 13.) On February 22, 2022, an immigration judge ("IJ") held a
8  Reasonable Fear Interview Review hearing and affirmed the finding of the asylum officer. (Id.)
9  Petitioner filed a petition for review in the Ninth Circuit. (ECF No. 1 at 13; ECF No. 13-1 at 3.)

On November 28, 2022, Petitioner was the victim of a data leak when U.S. Immigration and Customs Enforcement ("ICE") published sensitive and confidential information about detainees, including Petitioner, on their public-facing website. (Id.) Therefore, DHS rescinded the final administrative removal order, and on February 1, 2023, issued a Notice to Appear to begin new removal proceedings. (Id. at 13–14; ECF No. 13-1 at 3.)

On July 21, 2023, an IJ denied Petitioner's applications for relief from removal and ordered Petitioner removed to El Salvador. (ECF No. 28 at 2; ECF No. 28-2.) On January 18, 2024, the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal. (ECF No. 28 at 2; ECF No. 28-3.) On January 22, 2024, Petitioner filed a petition for review in the Ninth Circuit, and Petitioner was granted a temporary stay of removal. (ECF No. 28 at 2.) On December 5, 2024, the Ninth Circuit denied Petitioner's petition for review. Memorandum Disposition, E.G.C. v. Bondi, No. 24-348 (9th Cir. Dec. 5, 2024), ECF No. 49.[3] On December 18, 2024, the Ninth Circuit ordered that the temporary stay of removal shall remain in place until the mandate issues. Order, E.G.C., No. 24-348 (9th Cir. Dec. 18, 2024), ECF No. 52. On February 20, 2025,

---

[3] The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted)). See also United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER."); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

Petitioner filed a petition for panel rehearing and rehearing *en banc*. Petition, E.G.C., No. 24-348 (9th Cir. Feb. 20, 2025), ECF No. 58.

Meanwhile, on June 26, 2023, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Northern District of California, challenging his prolonged immigration detention. (ECF No. 1.) On August 28, 2024, the United States District Court for the Northern District of California issued an order transferring the petition to this Court in light of Doe v. Garland, 109 F.4th 1188 (9th Cir. 2024). (ECF No. 35.)

On March 5, 2025, the Court granted the petition for writ of habeas corpus in part and ordered that a bond hearing before an immigration judge be held within fourteen days. (ECF No. 54.) On March 14, 2025, the Court granted Petitioner's motion for extension of time and ordered that the bond hearing be held by April 11, 2025. (ECF No. 59.)

On April 10, 2025, Petitioner filed the instant emergency motion to stay removal. (ECF No. 60.) Therein, counsel for Petitioner informs the Court that an IJ scheduled a bond hearing for April 9, 2025. At the hearing, the IJ informed counsel that Petitioner was not at Golden State Annex. The IJ indicated that he needed to comply with this Court's order and held the bond hearing despite Petitioner's absence and over multiple objections from counsel. The IJ denied bond. Despite repeated efforts, counsel has been unable to obtain any information about Petitioner's location. (Id. at 1–2.) Petitioner has a motion to reopen pending before the BIA, which summarily denied a motion to stay on April 9, 2025. (Id. at 2.) "Petitioner requests a stay of removal so that he has an opportunity to brief important issues before this Court, and to do so **prior** to his removal." (Id.) The Court ordered Respondent to file a response to the emergency motion. (ECF No. 61.)

On April 15, 2025, Respondent filed a motion to dismiss. (ECF No. 62.) Therein, Respondent states that the Ninth Circuit denied Petitioner's petition for panel rehearing and rehearing *en banc* on March 21, 2025, and issued the mandate, thereby terminating the temporary stay of removal, on March 31, 2025. (ECF No. 62 at 1; ECF No. 62-1 at 2, 10.) Respondent informs the Court that on April 11, 2025, DHS executed the final order of removal and removed Petitioner from the United States to El Salvador. (ECF No. 62 at 2.)

## II.

## DISCUSSION

Here, "Petitioner requests a stay of removal so that he has an opportunity to brief important issues before this Court," such as:

1. Whether Petitioner's brief bond hearing held in his absence yesterday, where he was not permitted to testify, comports with this Court's order and Petitioner's Due Process rights;

2. Whether Petitioner has a right to have his currently pending motion to reopen—where he is claiming fear of torture in El Salvador's notorious prisons as a heavily tattooed individual based on the State of Exception in El Salvador—adjudicated prior to his deportation;

3. Whether Petitioner has a right to have his substantive due process claim heard by this Court prior to his deportation;

4. Whether the government can deport someone with a pending habeas petition;

5. Whether Petitioner can amend his habeas petition to include mandamus relief.

(ECF No. 60 at 2–3.)

The Immigration and Nationality Act ("INA") provides that "[n]otwithstanding any other provision of law . . . including section 2241 of Title 28, or any other habeas corpus provision . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). The Ninth Circuit has interpreted § 1252(g) as depriving federal courts of jurisdiction to hear claims seeking to enjoin the government from removing a noncitizen from the United States prior to a ruling on a motion to reopen. Rauda v. Jennings, 55 F.4th 773, 775 (9th Cir. 2022). "Congress has explicitly precluded [judicial] review of this claim" in § 1252(g), and "the discretion to decide *whether* to execute a removal order includes the discretion to decide *when* to do it. Both are covered by the statute." Rauda, 55 F.4th at 777 (internal quotation marks omitted) (emphasis in original) (quoting Tazu v. Att'y Gen. United States, 975 F.3d 292, 297 (3d Cir. 2020)). See Patel v. Garland, No. 21-17024, 2024 WL 722575, at *2 (9th Cir. Feb. 22, 2024) ("The

Patels seek to postpone removal . . . . Because the Patels challenge 'whether' and 'when,' *Rauda*, 55 F.4th at 777 (emphasis omitted), a valid order of removal is executed, § 1252(g) bars our jurisdiction.").

Based on the foregoing, the Court finds that § 1252(g) is applicable and this Court lacks jurisdiction to consider Petitioner's request to stay removal.

## III.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Petitioner's emergency motion to stay removal (ECF No. 60) is DENIED.

IT IS SO ORDERED.

Dated:   **April 16, 2025**               /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE