# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAZAR G.C.,[1] | Case No. 1:24-cv-01032-EPG-HC |
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT, AND DIRECTING CLERK OF COURT TO CLOSE CASE |
| v. | |
| MINGA WOFFORD, | |
| Respondent. | (ECF No. 62) |

Petitioner, represented by counsel, is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States magistrate judge. (ECF Nos. 43, 47, 48.) For the reasons set forth herein, Respondent's motion to dismiss is granted and the petition is dismissed.

**I.**

**BACKGROUND**

Petitioner is a native and citizen of El Salvador. (ECF No. 1 at 8.[2]) In 1994, Petitioner migrated to the United States. (Id. at 9.) Petitioner has been convicted of various offenses and

---

[1] The Court partially redacts Petitioner's name to mitigate privacy concerns, as suggested by the Committee on Court Administration and Case Management of the Judicial Conference of the United States. See Memorandum Re: Privacy Concern Regarding Social Security & Immigration Opinions (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] Page numbers refer to ECF page numbers stamped at the top of the page.

most recently was sentenced in June 2017 to an imprisonment term of seven years for forcible rape of a child over fourteen. (ECF No. 1 at 9.) Upon Petitioner's release from prison on December 22, 2021, Petitioner was issued a final administrative removal order, and the Department of Homeland Security ("DHS") detained Petitioner. (ECF No. 1 at 13; ECF No. 1-1 at 95; ECF No. 13 at 10.) On January 5, 2022, an asylum officer conducted a reasonable fear interview, finding Petitioner was credible but had not established reasonable fear of torture or persecution. (ECF No. 1 at 13.) On February 22, 2022, an immigration judge ("IJ") held a Reasonable Fear Interview Review hearing and affirmed the finding of the asylum officer. (Id.) Petitioner filed a petition for review in the Ninth Circuit. (ECF No. 1 at 13; ECF No. 13-1 at 3.)

On November 28, 2022, Petitioner was the victim of a data leak when U.S. Immigration and Customs Enforcement ("ICE") published sensitive and confidential information about detainees, including Petitioner, on their public-facing website. (ECF No. 1 at 13.) Therefore, DHS rescinded the final administrative removal order, and on February 1, 2023, issued a Notice to Appear to begin new removal proceedings. (Id. at 13–14; ECF No. 13-1 at 3.)

On July 21, 2023, an IJ denied Petitioner's applications for relief from removal and ordered Petitioner removed to El Salvador. (ECF No. 28 at 2; ECF No. 28-2.) On January 18, 2024, the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal. (ECF No. 28 at 2; ECF No. 28-3.) On January 22, 2024, Petitioner filed a petition for review in the Ninth Circuit, and Petitioner was granted a temporary stay of removal. (ECF No. 28 at 2.) On December 5, 2024, the Ninth Circuit denied Petitioner's petition for review. Memorandum Disposition, E.G.C. v. Bondi, No. 24-348 (9th Cir. Dec. 5, 2024), ECF No. 49.[3] On December 18, 2024, the Ninth Circuit ordered that the temporary stay of removal shall remain in place until the mandate issues. Order, E.G.C., No. 24-348 (9th Cir. Dec. 18, 2024), ECF No. 52. On February 20, 2025,

---

[3] The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted)). See also United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER."); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

1   Petitioner filed a petition for panel rehearing and rehearing *en banc*. Petition, E.G.C., No. 24-348
2   (9th Cir. Feb. 20, 2025), ECF No. 58.

3         Meanwhile, on June 26, 2023, Petitioner filed a petition for writ of habeas corpus in the
4   United States District Court for the Northern District of California, challenging his prolonged
5   immigration detention. (ECF No. 1.) On August 28, 2024, the United States District Court for the
6   Northern District of California issued an order transferring the petition to this Court in light of
7   Doe v. Garland, 109 F.4th 1188 (9th Cir. 2024). (ECF No. 35.)

8         On March 5, 2025, the Court granted the petition for writ of habeas corpus in part and
9   ordered that a bond hearing before an immigration judge be held within fourteen days. (ECF No.
10  54.) On March 14, 2025, the Court granted Petitioner's motion for extension of time and ordered
11  that the bond hearing be held by April 11, 2025. (ECF No. 59.)

12        An IJ scheduled a bond hearing for April 9, 2025. At the hearing, the IJ informed counsel
13  that Petitioner was not at Golden State Annex. The IJ indicated that he needed to comply with
14  this Court's order, held the bond hearing despite Petitioner's absence and over multiple
15  objections from counsel, and denied bond. (ECF No. 60-1 at 1–2.) Petitioner had a motion to
16  reopen pending before the BIA, which summarily denied a motion to stay on April 9, 2025. (Id.
17  at 2.)

18        On April 10, 2025, Petitioner filed an emergency motion to stay removal. (ECF No. 60.)
19  The Court ordered Respondent to file a response to the emergency motion. (ECF No. 61.) On
20  April 15, 2025, Respondent filed the instant motion to dismiss and response to the motion to stay
21  removal. (ECF No. 62.) Therein, Respondent states that the Ninth Circuit denied Petitioner's
22  petition for panel rehearing and rehearing *en banc* on March 21, 2025, and issued the mandate,
23  thereby terminating the temporary stay of removal, on March 31, 2025. (ECF No. 62 at 1; ECF
24  No. 62-1 at 2, 10.) Respondent informs the Court that on April 11, 2025, DHS executed the final
25  order of removal and removed Petitioner from the United States to El Salvador. (ECF No. 62 at
26  2.) On April 16, 2025, the Court denied Petitioner's emergency motion to stay removal. (ECF
27  No. 63.) To date, no opposition to the motion to dismiss has been filed, and the time for doing so
28  has passed.

## II.

## DISCUSSION

The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

In the petition, Petitioner challenges his prolonged detention in ICE custody. (ECF No. 1.) On April 11, 2025, Petitioner was removed from the United States to El Salvador. (ECF No. 62 at 2; ECF No. 62-1 at 2–3.) Given that Petitioner is no longer in ICE custody, the Court finds that no case or controversy exists and the petition is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (finding habeas petition challenging length of immigration detention moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention").

## III.

## ORDER

Accordingly, the Court HEREBY ORDERS:

1. Respondent's motion to dismiss (ECF No. 62) is GRANTED;
2. The petition for writ of habeas corpus is DISMISSED as MOOT; and
3. The Clerk of Court is DIRECTED to CLOSE the case.

IT IS SO ORDERED.

Dated:  **August 6, 2025**            /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE